IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA

**Alexandria Division**

|  |  |  |
|---|---|---|
| ROBERT THOMAS PAYNE, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Civil Action No. 1:15-cv-01268 |
| | ) | |
| MICHELLE K. LEE, | ) | |
| | ) | |
| Defendant. | ) | |

**MEMORANDUM OPINION**

THIS MATTER comes before the Court on Defendant Michelle Lee's Motion to Dismiss Plaintiff's Amended Complaint.

This Court dismissed Plaintiff's initial complaint for a Fourth Amendment violation of false arrest for failure to state a claim and gave Plaintiff leave to file an amended complaint. Plaintiff's amended complaint makes a near-verbatim assertion to his original complaint: he again alleges that his Fourth Amendment rights were violated when armed guards came to his place of employment at the U.S. Patent Trademark Office ("U.S. PTO"), provided documentation that he was being placed on paid administrative leave while officials determined whether he was a danger to himself or others in the workplace, and escorted him out of the building. Plaintiff asserts that this armed escort constituted false arrest.

1

A motion to dismiss for failure to state a claim under Fed. R. Civ. P. 12(b)(6) tests the legal sufficiency of a complaint. See, e.g., Edwards v. City of Goldsboro, 178 F.3d 231, 243 (4th Cir. 1999); District 28, United Mine Workers of Am., Inc. v. Wellmore Coal Corp., 609 F.2d 1083, 1085-86 (4th Cir. 1979). Generalized, unsupported assertions are insufficient to state a claim.

A court should dismiss a complaint if the plaintiff fails to proffer "enough facts to state a claim to relief that is plausible on its face." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007). A plaintiff's "obligation to provide the 'grounds' of his 'entitlement to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." Id. at 555. A claim will lack "facial plausibility" unless the plaintiff "plead[s] factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Ashcroft v. Iqbal, 556 U.S. 662, 663 (2009). A complaint must contain sufficient evidentiary facts to raise a plausible—as opposed to merely conceivable—inference that the Plaintiff is entitled to relief. Twombly, 550 U.S. at 570; Iqbal, 556 U.S. at 680. Plaintiff must allege enough facts "to raise a right to relief above the speculative level[.]" Robinson

v. Am. Honda Motor Co., 551 F.3d 218, 222 (4th Cir. 2009) (quoting Twombly, 550 U.S. at 555, 570).

The Fourth Amendment to the U.S. Constitution protects "against unreasonable searches and seizures." U.S. CONST. amend. IV. Plaintiff, therefore, must demonstrate that the actions of U.S. PTO personnel represented a "seizure" for purposes of this constitutional provision. As the Supreme Court noted, "not all personal intercourse between policemen and citizens involves 'seizures' of persons." United States v. Mendenhall, 446 U.S. 544, 554 (1980) (quoting Terry v. Ohio, 392 U.S. 1, 19, n.16 (1968)). For Fourth Amendment rights implications within the Fourth Circuit, an individual has been seized "if, in view of the circumstances surrounding the incident, a reasonable person would have believed that he was not free to leave." Figg v. Schroeder, 312 F.3d 625, 636 (4th Cir. 2002) (quoting United States v. Mendenhall, 446 U.S. 544, 554 (1980)).

Plaintiff's Amended Complaint merely alleges that security guards accompanied U.S. PTO personnel to his office during Plaintiff's advising that he was placed on administrative leave, that he was barred from the U.S. PTO's premises during that leave, and that the same security guards escorted him off of agency grounds. These circumstances do not amount to a Fourth Amendment "seizure."

3

During the incident at issue, Plaintiff was "free to leave" the U.S. PTO office space. In fact, Plaintiff's leaving was the express goal of the U.S. PTO officials. Plaintiff was free to go anywhere outside the office. Plaintiff makes no claim that a reasonable person would not have felt free to leave during the circumstances he experienced. <u>Figg</u>, 312 F.3d at 636. Plaintiff was not "seized," and does not state a plausible Fourth Amendment claim upon which relief could be had. Defendant's Motion to Dismiss should be granted.

Finally, on July 12, 2015, Plaintiff filed a Motion for Delay of Hearing and Initiation of Joint Settlement Discussions. Plaintiff requests an additional thirty days to seek counsel. Plaintiff's motion comes nine months after Plaintiff initiated these proceedings. The motion was not noticed for hearing, and oral argument was not waived. Plaintiff offers no explanation why an additional thirty days will cure what was not accomplished in eight months. Accordingly, Plaintiff's Motion for Delay of Hearing should be denied.

An appropriate order shall issue.

/s/ Claude M. Hilton
CLAUDE M. HILTON
UNITED STATES DISTRICT JUDGE

Alexandria, Virginia
July 25, 2016

4